UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Darnell A. Smith-Utley,                    Case No. 3:16-cv-0977

    Plaintiff

v.                                         MEMORANDUM OPINION
                                           AND ORDER

City of Toledo, et al.,

    Defendants


**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Darnell A. Smith-Utley filed this action under 42 U.S.C. § 1983 against the City of Toledo, Toledo Police Chief George Kral, Toledo Police Officers John Does #1 and #2, the United States Attorney General and the United States Attorney for the Northern District of Ohio. In his Complaint, Plaintiff asserts that the Defendants denied him substantive due process and interfered with familial relations when the officers arrested him on an outstanding warrant at a traffic stop. He does not specify the relief he seeks.

Plaintiff also filed an Application to Proceed In Forma Pauperis (Doc. No. 2). That Application is granted.

Plaintiff alleges he was stopped by Toledo police officers as he was heading home from work on November 24, 2015. The officers indicated he failed to stop at a stop sign. Plaintiff states he did not have his driver's license with him at the time, so the officers placed him in the back of the

police car. He provided officers with his name and social security number. When the officers entered that information into the computer, they discovered Plaintiff had two outstanding warrants from the Lucas County Court of Common Pleas. In fact, Plaintiff had been indicted on charges of burglary and receiving stolen property on July 16, 2015, and on two counts of receiving stolen property on September 18, 2015. Plaintiff failed to appear in court for both of his arraignments and both trial judges issued a capias for his arrest. Plaintiff attempted to convince the officers of his innocence, but they arrested him on the outstanding warrants. He claims he asked the officers if he could summon his girlfriend to take possession of his car. Plaintiff indicates that there was some confusion about the ownership of the car. He states he purchased it from his mother but could not get license plates for the car because his mother was incarcerated, so he used plates from another vehicle. The officers told him it would have to be towed.

## PLAINTIFF'S CAUSES OF ACTION

Although Plaintiff's Complaint lists two causes of action under 42 U.S.C. § 1983, both are asserted denials of substantive due process. First, he asserts the City of Toledo, Police Chief Kral and the John Doe Officers violated his right to substantive due process by interfering with his right to travel. Second, he contends all of the Defendants interfered with his familial relations with his child. He states he accrued a large amount of child support and his child's mother will not allow him to see his child unless he pays support. Plaintiff alleges his arrest caused him to lose his job, making it more difficult for him to pay child support.

## STANDARD OF REVIEW

Although I must construe *pro se* pleadings liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v.*

*Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Although they are named as Defendants, the Toledo Police Chief, the United States Attorney General, and the United States Attorney for the Northern District of Ohio have no apparent connection to the facts of this case. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). These three Defendants are not mentioned in the body of the Complaint and Plaintiff gives no indication of why they are included in this lawsuit. He fails to state a claim upon which relief can be granted against Police Chief Kral, the Attorney General, or the United States Attorney for the Northern District of Ohio.

3

Similarly, the City of Toledo cannot be held liable unless its own conduct in some way violated Plaintiff's constitutional rights. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff must identify the municipal policy or custom in question, connect the policy to the municipality, and show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Plaintiff does not identify a particular policy or custom of the City of Toledo which he believes caused injury to him. He fails to state a claim for relief against the City of Toledo.

Plaintiff's remaining claims against the two John Doe police officers are also subject to dismissal. Both claims assert denial of his right to substantive due process. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty, or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

The Due Process Clause has a procedural component and a substantive one. The two components are distinct from each other because each has different objectives, and each imposes

4

different constitutional limitations on government power. A procedural due process limitation, unlike its substantive counterpart, does not require that the government refrain from making a choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision. *Howard v. Grinage*, 82 F.3d 1343, 1349-53 (6th Cir. 1996). The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. *Id.* Procedural due process claims do not consider the egregiousness of the deprivation itself, but only question whether the process accorded prior to the deprivation was constitutionally sufficient. *Howard*, 82 F.3d at 1350. Although the existence of a protected liberty or property interest is the threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action. *Id.* It serves: (1) as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; (2) as a check on official misconduct which infringes on a fundamental right; or (3) as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the conscious," as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349.

Plaintiff claims, without explanation, that the two officers infringed on his right to travel "on numerous occasions between the years of 1999-2016." (Doc. No. 1 at 4). The Supreme Court has identified the right to travel from one state to another as a fundamental right of United States citizenship. *See Saenz v. Roe*, 526 U.S. 489, 500-01 (1999). This right has three components: (1) the right of a citizen of one state to enter and to leave another state; (2) the right to be treated as a
5

welcome visitor rather than an unfriendly alien when temporarily present in the second state; and (3) for those travelers who elect to become permanent residents, the right to be treated like other citizens of that state. *Id.* at 500.

Plaintiff does not clearly explain how he believes the Defendants violated his right to travel. It appears, however, that he is asserting that by initiating a traffic stop or arresting him, they prevented him from driving away, and this interfered with his right to travel. To that extent, he is confusing the constitutional right to travel with the qualified privilege to drive an automobile. *George Taylor Duncan v. Linda Cone*, No. 00–5705, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000). Traffic stops and the issuance of citations for offenses committed while driving an automobile do not impinge upon a person's constitutional right to travel. *See, e.g., Yahoshua-Yisrael: Yahweh v. City of Memphis,* No. 12-2897-JDT-CGC, 2014 WL 1689715, at *6 (W.D. Tenn. Apr. 29, 2014); *Steven Ray Murphy v. Ryan Koster*, No. 5:10 CV 2095, 2010 WL 5147215, at *5 (N.D. Ohio Dec. 13, 2000). Furthermore, lawful incarceration and detention bring about the necessary withdrawal or limitation of many privileges and rights. *Price v. Johnston*, 334 U.S. 266, 285 (1948). Although Plaintiff's arrest, by its very nature, restricted his movement, it did not violate his constitutional right to travel.

In addition, Plaintiff contends the officers interfered with his fundamental right to parent his child. There is no doubt that under the constitution, the parent-child relationship gives rise to a liberty interest, and the state may not deprive a parent of that liberty interest absent due process of law. *See, e.g. Bell v. Milwaukee*, 746 F.2d 1205, 1243 (7th Cir. 1984); *Morrison v. Jones*, 607 F.2d 1269, 1276 (9th Cir. 1979). When discussing the constitutionally protected right to familial association, courts focus on the parent's right of custody and control over his or her children. The parent is deprived of his or her right to custody and control of his or her child when the child is removed from the home, either permanently or temporarily. *Kottmyer v. Maas*, 436 F.3d 684, 689-90 (6th Cir. 2006). Here, the two officers did not remove Plaintiff's child from his custody. Instead, Plaintiff contends his child's mother will not allow him to have contact with the child until he regularly pays

child support.  The two officers did not deprive Plaintiff of his fundamental right to participate in the custody and care of his child.

Finally, Plaintiff can state a claim for denial of substantive due process by alleging facts to suggest that the officers' actions "shocked the conscience." *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993).  A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment or inconvenience by a government agent.  *Parate v. Isibor*, 868 F.2d 821, 833 (6th Cir. 1989).  The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*  In this case, Plaintiff alleges the police officers initiated a traffic stop because he did not stop at a stop sign.  He could not produce identification and the license plates on the car were not registered to that vehicle.  Furthermore, he had two outstanding warrants for his arrest on felony charges.  The officers arrested him pursuant to the warrants.  None of these actions describes behavior that shocks the conscience.  The Defendants did not deprive Plaintiff of substantive due process.

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they do not state a viable legal claim.  Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  I certify an appeal of this decision cannot be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge